IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ADAMS, Inmate #B36810,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 03-762-WDS |
| ) | |
| **ADRIAN FEINERMAN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff states that in February 1999, he began to complain to physicians at the Menard Heath Care Unit that he believed he was suffering from Parkinson's disease. Defendant Dr. Adrian Feinerman examined Plaintiff in August 1999, and determined that Plaintiff did not display any symptoms indicative of the disease. At some point between Dr. Feinerman's determination and October of 1999, Plaintiff was diagnosed with and began receiving medications for Parkinson's disease. Plaintiff states that on an unspecified number of occasions in 2002 and 2003, the Health Care Unit ran out of the medications to control his symptoms. Plaintiff states that the abrupt stoppage of his medications can potentially cause his symptoms to worsen and possibly lead to heart failure, toxic psychosis, and other complications. Plaintiff also states that he was denied a hardship transfer from Menard Correctional Center to Dixon Correctional Center, an institution with better medical treatment facilities. Grievances filed with the complaint indicate that Plaintiff did not meet the criteria for transfer to Dixon. Plaintiff also states that Defendant Pam Grubman, Menard Health Care Administrator, denied him an electric toothbrush, liquid soap, a low bunk permit, and a prescription for Vitamin E, because they were not medically necessary.

Plaintiff's factual allegations state essentially three legal claims: first, that Dr. Feinerman and Pam Grubman were deliberately indifferent to his serious medical needs in that they were slow to diagnose Parkinson's disease and on several occasions ran out of the medications to control his symptoms; second, that Plaintiff was unconstitutionally denied transfer to an Illinois prison with better medical facilities; and third, that Defendants refused to provide accommodations to Plaintiff in compliance with the Americans with Disabilities Act ("ADA").

*Deliberate Indifference*

Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

With respect to the subjective element, Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) (A series of acts of negligence "is merely evidentiary; it is not an alternative theory of liability.").

Based on these standards, Plaintiff has not stated a constitutional claim. Dr. Feinerman's

failure to diagnose the condition in its earliest stages does not rise to the level of deliberate indifference, particularly because the disease was diagnosed and treatment began only a few months later. The fact that Plaintiff occasionally missed his medication, while regrettable, does not amount to a constitutional claim. At best, these allegations describe negligence, which is not actionable under the Eighth Amendment. The Court sympathizes with Plaintiff in his suffering from a degenerative disease, but despite these sentiments, the fact remains that Plaintiff's allegations do not state a claim of constitutional dimension.

*Transfer to Dixon Correctional Center*

An inmate has no liberty interest in confinement at any particular state prison. *See King v. Fairman*, 997 F.2d 259, 262 n.4 (7th Cir. 1993) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). Accordingly, Plaintiff's claim regarding a denied transfer to Dixon Correction Center fails to state a constitutional claim.

*ADA Claim*

Plaintiff alleges that he suffers from a disability that must be accommodated under the ADA, 42 U.S.C. § 12101 et seq. The Supreme Court has held that the ADA applies to prisons. *See Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206 (1998). However, the Seventh Circuit has held that claims under the ADA must be raised in state court, not in federal court. *Erickson v. Board of Governors for Northeastern Illinois University,* 207 F.3d 945 (7th Cir. 2000). *See also Stanley v. Litscher*, 213 F.3d 340 (7th Cir. 2000); *Stevens v. Illinois Department of Transportation,* 210 F.3d 732 (7th Cir. 2000). Plaintiff cannot bring his ADA claim in this forum. Therefore, Plaintiff's claims under the ADA are dismissed without prejudice to his pursuing those claims in state court.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  July 8, 2005**

      **s/ WILLIAM D. STIEHL**
        **DISTRICT JUDGE**